

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 19, 1939

Hon. Leon Kotosky
Assistant County Attorney
El Paso, Texas

Dear Sir:

Opinion No. O-637
Re: May county clerk adopt photo-
static method of recording written
instruments.

This will acknowledge receipt of your letter
of April 15, 1939, in which you ask an opinion of this
department as to the legality of installing and using
a photostatic machine in the office of county clerk
of El Paso County, Texas for the purpose of recording
all instruments authorized or required to be recorded
by the county clerk.

A careful examination of the authorities does
not reveal that this question has heretofore been pass-
ed upon, either by this office or the courts of this
state.

Article 6591, Revised Civil Statutes of Texas,
1925, makes the county clerk of each county the record-
er for his county and provides that "they shall provide
and keep in their offices well-bound books in which they
shall record all instruments of writing authorized or
required to be recorded in the county clerk's office."

Article 6595, Revised Civil Statutes of Texas,
1925, prescribes in detail the duty of the county clerk
with respect to recording instruments authorized by law
to be recorded. This article reads as follows:

"Each recorder shall, without delay,
record every instrument of writing author-
ized to be recorded by him, which is de-
posited with him for record, with the

acknowledgments, proofs, affidavits and
certificates thereto attached, in the
order deposited for record by entering
them word for word and letter for letter,
and noting at the foot of the record the
hour and the day of the month and year
when the instrument so recorded was de-
posited in his office for record."

It was held by the Supreme Court of Vermont
in the case of Town of Bennington vs. Edward A. Booth,
57 A. L. R. 156, that mandamus would not lie against
the town clerk to compel him to discontinue his use
of the photostatic method of recording instruments of
which by law he was made the recorder. This decision
was an interpretation of Article 3951, General Laws of
Vermont, which reads in part, that the clerk shall:

"Record at length, in books to be
furnished by the town"

The court, in speaking of the photographic method em-
ployed by the clerk said:

"It is plain that the clerk has re-
corded at length and that the material
he provided, used and the town paid for,
were furnished by the town. If, within
the meaning of the statute, the photostatic
records are books, they lack nothing re-
quired by General Laws, Article 3951....
The object of the statute..........was to
provide for the making of records; not
for the use of some particular kind of
books."

The petitioners, in the case of People ex rel
Armkmecht vs. Haas, 311 Ill. 164, 142 NE 549, sought a
mandamus to compel a recorder of deeds to copy a deed
in writing in a well-bound book instead of using the
photostatic method of recording. The mandamus was denied.
The statute involved in this case, was very similar to
Article 6595, supra, and is as follows:

"Every recorder shall, as soon as

practicable after the filing of any instru-
ment in writing in his office, entitled to
be recorded, record the same at length in
the order of time of its reception, in well-
bound books to be provided for that purpose."

The court in its learned opinion, said:

"To record means to transcribe; to write
an authentic account of; to preserve the mem-
ory of, by written or other characters; to
enter in a book for the purpose of preserving
authentic and correct evidence of the thing
recorded. Whatever the method used for record-
ing, it is a record of the things recorded as
long as it is a true and correct copy. The
object of recording a deed is to give it per-
petuity and publicity, and that the two main
requirements of a public record is that it
shall be accurate and durable......Every such
officer not only has the authority, but is re-
quired by law, to exercise an intelligent dis-
cretion in the performance of his official
duties. The law requires him to record certain
instruments in a well-bound book, but it does
not require him to record them in any parti-
cular method. As long as the method adopted
by him is accurate and durable, he has per-
formed his duty.....No argument is needed to
demonstrate that photography is a much more
accurate process of making a copy of an in-
strument than any other known method."

Looking again to our Texas Statutes, we observe
that it is the duty of the county clerk to:

1. Provide and keep in their offices
well-bound books in which they shall re-
cord instruments, word for word, and letter
for letter.

2. Show in such recording all acknow-
ledgments, proofs, affidavits and certificates
thereto attached.

Hon. Leon Kotosky, April 18, 1939, Page 4

3. Note at the foot of the record, the hour and the day of the month and year when the instrument so recorded was deposited in his office for record.

The statutes are entirely silent as to the method by which such instruments shall be recorded. To determine whether or not the photostatic method of recording instruments is legal, it must be tested for determination solely upon the basis of whether or not the duties of the county clerk hereinabove set out can be fully executed by the use of this new method of recording.

The phrase "well-bound books" as used in Article 6591, supra, need not necessarily mean a book in which the leaves or pages are not removable. The Legislature naturally had in mind in the passage of this act, that the instrument would be recorded in handwriting in a book in which the pages were immovable. With commercial necessity, the handwriting method gave way to the speedier and more legible typewriter method. It is a matter of common knowledge that the books in use generally by county clerks today are so constructed as to permit the individual pages to be removed, typed and then replaced in the books.

The propriety of recording in a loose leaf book as is in common use in Texas and elsewhere throughout the country, was raised in the case of Richardson vs. Wooland, 133 Miss. 417, 97 So. 808, and the court held that the fact that the statute required instruments to be recorded in a "well-bound book" did not require that the pages be not removable.

It is therefore, the opinion of this Department, and you are so advised, that your county clerk can install and use the photostatic method of recording written instruments which he is authorized to required to record providing such photostats are immediately incorporated into "well-bound books" and the other requirements of

Hon. Leon Kotosky, April 18, 1939, Page 5

the statutes herein enumerated are fully complied with.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong
Lloyd Armstrong
Assistant

LA:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS